HESSEY, Respondent, vs. GUND, imp., Appellant.

*February 10 — March 1, 1898.*

*Contempt of court: Violation of injunctional order: Bond.*

1. In contempt proceedings to punish a defendant in an action to foreclose a land contract for violation of an order forbidding the removal of logs from the land, the evidence is *held* to show that such defendant was the active moving party in violating the order, notwithstanding his statement that a corporation of which he was president, formed about the time the logs were removed, committed the act without his knowledge or consent.

2. The mere fact that a defendant signed and mailed to his attorney the bond required by an injunctional order as a condition of relief therefrom, does not relieve him from the charge of contempt in violating the order, where the bond never came to the knowledge or possession of the plaintiff, or his attorney, or the clerk of the court.

APPEAL from an order of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an appeal from an order adjudging the appellant guilty of contempt, under sec. 3477 *et seq.*, R. S. 1878, and requiring him to pay to the respondent a certain sum of money. The contempt charged and found consisted in the violation of a temporary injunctional order.

The action in which the order which was disobeyed was made was an action brought to foreclose a contract for the sale of pine lands. The lands were originally owned by one

Snow, who made a contract to sell the same to the Iron River Lumber Company, and afterwards sold the lands and assigned his interest in the contract to the plaintiff, *Hessey*. The Iron River Lumber Company became insolvent, and the appellant, *Gund, Jr.*, purchased its rights under the contract in November, 1894. All the timber on the lands was cut either by the lumber company or by *Gund* prior to December 6, 1894; and on the 24th of January, 1895, there remained on the land upon skidways 1,500,000 feet of logs, worth $6,000, all of which *Gund* claimed to own. At this time there was due and unpaid on the contract $1,645.75, with interest, and for this sum the action of foreclosure was commenced on said 24th day of January. Simultaneously with the service of the summons, the plaintiff obtained and served on *Gund* and the other defendants an injunctional order restraining him and his agents and servants from removing any of the logs during the pendency of the action. *Gund* answered February 7th, claiming to own the logs, and on the same day moved, upon his answer and the affidavit of his agent, to dissolve the injunctional order, on the ground that he (*Gund*) would suffer great loss if the injunctional order were allowed to remain and he were not permitted to remove and sell the logs. The court denied the motion February 12th, but the order provided that it was " without prejudice to *Gund's* right to remove the timber described in the complaint upon execution of the proper bond to secure the unpaid balance price of said land."

On the 23d of January, 1895, a corporation called the John Gund Lumber Company was formed, of which *Gund* was president. Immediately after the order of February 12th was made, the timber was removed from the land as rapidly as possible. No bond was given by *Gund* prior to the removal of the timber, but, in March following, it appears that *Gund* (who lived in La Crosse) sent a bond in the sum of $2,000, with two sureties, to his attorney at Ashland; but

the terms of the alleged bond do not appear, and it never came to the knowledge or possession of the plaintiff or his attorneys or the clerk of the court, and in fact was lost if it ever existed.

The foreclosure action was tried in December, 1895, and findings were made upon certain issues unnecessary to be stated, which also found the amount due the plaintiff on the contract as aforesaid, and that *Gund* had removed all the logs prior to March 1, 1895, in violation of the injunctional order, leaving the lands practically worthless. Judgment of foreclosure was ordered. No judgment was entered on the findings, but in September, 1896, the plaintiff moved, upon the record and affidavits, to punish *Gund* for contempt in disobeying the injunctional order. This motion was heard, *Gund* filing affidavits in opposition, setting forth the mailing of the lost bond and claiming that the removal of logs was done by the Gund Lumber Company and not by him. Thereafter the court found that *Gund* was guilty of contempt in removing the logs, and that such misconduct actually did defeat, impair, and impede the rights and remedy of the plaintiff in the action, and ordered that *Gund* pay to the plaintiff's attorneys the amount found due on the contract, viz. $1,645.75, with interest, and that he be imprisoned in default of payment. From this order, this appeal is taken. .

For the appellant there was a brief by *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale.*

For the respondent there was a brief by *Lamoreux, Shea & Wright,* and oral argument by *C. A. Lamoreux.*

Winslow, J. We discover nothing in this case but a salutary exercise of the power of the court to compel parties litigant to obey its process. It is very clear that there was a bald violation of the injunctional order, and that such violation practically deprived the plaintiff of his security, and there was ample evidence to show that the appellant, *Gund,*

was the active moving party in this violation of the command of the court, notwithstanding his present improbable statement that a corporation, of which he was president, committed the act without his knowledge or consent. The supposed bond can cut no figure, because it never was seen by any one after it was signed. It is well that parties to a serious litigation should learn and realize that the order of a court deliberately made cannot be treated lightly, or brushed aside as of no more importance than the conclusions of a debating society. It is to be hoped that the lesson has been well learned in this case.

*By the Court.*— Order affirmed.